IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                               |
|------------------------------|---|-------------------------------|
| JERI WASCO                   | : |                               |
|                              | : |                               |
| v.                           | : | Civil Action No. DKC 2006-2661 |
|                              | : |                               |
| COLLEGE PARK GATEWAY<br> PROPERTIES, L.L.C. | : |            |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Americans with Disabilities Act ("ADA") compliance case is a motion by Defendant College Park Gateway Properties, L.L.C. to dismiss. (Paper 7). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be denied.

**I. Background**

Plaintiff, Jeri Wasco, is a resident of the state of Maryland and is an individual with a qualified disability under the ADA. Plaintiff suffers from cerebral palsy and requires the use of a wheelchair for mobility. (Paper 1, at 2). Defendant is the owner of property in College Park, Maryland. Defendant asserts that there is a forty-year lease on the property to a third party and that the property has since been sublet by the original lessee to another third party, Jerry's Subs and Pizza of College Park ("sub shop"), the current occupant. (Paper 7, at 2).

Plaintiff filed a complaint against Defendant on October 11, 2006, for alleged violations of the ADA at the sub shop located on Defendant's property.  (Paper 1).  The complaint alleges that the sub shop, owned or operated by Defendant, is a place of public accommodation pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.  The complaint alleges that Defendant has violated Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, by failing to remove various architectural barriers.  (Paper 1, at 3).

According to the complaint, specific barriers to access include the following: the accessible parking spaces lack adequate and compliant access aisles; the accessible signage in the parking area is improper; the entrances to the facility are not accessible; there is a lack of sufficient maneuvering clearance at the pull side of the main entrance door; there are insufficient numbers of accessible seating positions at the facility; the hardware on the toilet room door, stall and lavatory require pinching, grasping or twisting of the wrist to operate; the pipes underneath the lavatory lack proper insulation; there are dispensers throughout the toilet room that are mounted out of reach range; the toilet room lacks adequate and compliant signage; and the accessible stall is too small.  (Paper 1, at 4).

Prior to initiating this action, Plaintiff personally visited the sub shop on Defendant's property.  She attempted to avail herself of the goods, services, and accommodations offered by the

sub shop and alleges that she was denied full, safe, and equal access to the Defendant's premises due to architectural barriers. (Paper 1, at 3). As alleged in her complaint, Plaintiff continues to desire and has a present intention to visit Defendant's premises in the future, but continues to be denied full, safe and equal access due to the barriers which continue to exist at the premises and allegedly in violation of the ADA. (Paper 1, at 3). Plaintiff seeks injunctive relief and reasonable attorney's fees, costs and expenses. (Paper 1, at 5).

Defendant filed a motion to dismiss Plaintiff's complaint on November 13, 2006 pursuant to Fed.R.Civ.P. 12(b)(1), (6), and (7). (Paper 7). Defendant asserts three reasons why Plaintiff's complaint should be dismissed: (1) failure to state a claim because Plaintiff failed to allege facts sufficient to avoid the effect of the ADA's "grandfather clause," (2) failure to join necessary parties, and (3) lack of standing.

## II. Analysis

### A. Standing and Subject Matter Jurisdiction

"When a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction . . . the district court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac*

*R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991)). Furthermore, "[b]ecause the standing elements are 'an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at successive stages of the litigation.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

In challenging standing "at the . . . pleading stage, when the Court is obligated to accept all material allegations as true, general factual assertions of injury and future harm are sufficient." *Molski v. Arby's Huntington Beach*, 359 F.Supp.2d 938, 947 n.10 (C.D.Cal. 2005) (citing *Lujan*, 504 U.S. at 561). "The Court may presume 'that the general allegations in the complaint encompass the specific facts necessary to support those allegations.'" *Id.* at 946 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998)).

To establish standing for injunctive relief, Plaintiff is required to meet three elements:

> First, the plaintiff must have suffered an "injury in fact"– an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of– the injury has to be fairly traceable to the challenged action of the defendant and not the result of some independent action. Third, it must be likely as opposed to merely speculative that

4

the injury will be "redressed by favorable
decision."

*Gregory v. Otac, Inc.*, 247 F.Supp.2d 764, 771 (D.Md. 2003) (citing
*Lujan*, 504 U.S. at 560).

Regarding an "injury in fact," the Supreme Court has explained
that, "'[p]ast exposure to illegal conduct does not in itself show
a present case or controversy regarding injunctive relief . . . if
unaccompanied by any continuing, present adverse effects.'" *City
of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v.
Littleton*, 414 U.S. 488, 495-496 (1974)).  Furthermore, "[i]n ADA
cases, courts have held that a plaintiff does not have standing to
obtain injunctive relief if he cannot demonstrate a likelihood that
he himself will suffer future discrimination at the hands of the
defendant." *Proctor v. Prince George's Hosp. Ctr.*, 32 F.Supp.2d
830, 832 (D.Md. 1998).

At the pleading stage, "a plaintiff must *allege* that a public
accommodation has discriminated against him and that there is a
'real or immediate threat that the [public accommodation] will
again subject [him] to discrimination.'" *Molski*, 359 F.Supp.2d. at
946 (quoting *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1019 (9th
Cir. 2002)) (emphasis added).  In analyzing whether a plaintiff has
met this standing requirement, courts have held, "that personally
encountering some barriers that prohibit access to a public
accommodation, coupled with a desire and intention to return to the
store if it is made accessible, is sufficient for purposes of

5

standing." *Molski*, 359 F.Supp.2d. at 946-947. Furthermore, on a motion to dismiss, "we must evaluate standing based on the facts alleged in the complaint, and we may not 'speculate concerning the existence of standing or piece together support for the plaintiff.'" *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Cone Corp. v. Florida Dept. of Transp.,* 921 F.2d 1190, 1210 (11th Cir. 1991)).

Here, Plaintiff's complaint alleges that she suffered an injury in fact when she was denied full, safe and equal access to the benefits, accommodations and services provided by Defendant's property because of Defendant's failure to comply with provisions of the ADA. (Paper 1, at 3-4). Furthermore, Plaintiff alleges that she continues to desire and has a present intention to visit Defendant's property in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain on Defendant's property in violation of the ADA. These allegations satisfy Plaintiff's burden of alleging actual or imminent injury for the purposes of standing and, as a result, Defendant's motion to dismiss on this issue will be denied. *See Molski*, 359 F.Supp.2d. at 947.

Defendant contends that Plaintiff has not demonstrated that she faces a real and immediate threat of harm because she does not allege any concrete or specific plans of when she might return to Defendant's premises. Defendant also argues that Plaintiff resides

6

approximately nine miles from the Defendant's location and that there exist seven Jerry's Subs and Pizza restaurants closer to Plaintiff's home.   While such evidence may demonstrate a lack of standing at successive stages in the litigation, it does not do so at the pleading stage.[1]  *Molski*, 359 F.Supp.2d. at 947 n.10.

### B. Failure to Join a Party under Rule 19

Fed.R.Civ.P.  12(b)(7)  authorizes  a  motion  to  dismiss  for failure to join a party to the original action under Rule 19, "when there  is  an  absent  person  without  whom  complete  relief  cannot  be granted or whose interest in the dispute is such that to proceed in his absence might prejudice him or the parties already before the court."   5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (2d ed. 1990).   Upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7), the court first must determine

---

[1]   In *Molski*, the court explained the factors that may be considered in successive stages of litigation:

> At  successive  stages  in  the  litigation, however, [Plaintiff] may be required to submit additional evidence to support his standing. The Court notes that in evaluating whether Plaintiff's likelihood of return is sufficient to  confer  standing  at  the  summary  judgment stage,  courts  have  examined  factors  such  as: (1)  the  proximity  of  the  place  of  public accommodation to plaintiff's residence, (2) plaintiff's  past  patronage  of  defendant's business,  (3)  the  definitiveness  of plaintiff's  plans  to  return,  and  (4)  the plaintiff's  frequency  of  travel  near defendant.  *D'Lil v. Stardust Vacation Club*, 2001 WL 1825832, *3 (E.D.Cal. 2001).

*Molski*, 359 F.Supp.2d at 947 n. 10.

whether the absent person is necessary for a just adjudication of the action as set forth in Rule 19(a).[2]  *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999); 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure* § 1611 (3d ed. 2001).  If the court finds that the absentee is a necessary party, it then must order the absentee to be joined in the action, provided that joinder will not deprive the court of subject matter jurisdiction by destroying diversity of citizenship. *Owens-Illinois*, 186 F.3d at 440; 7 *Federal Practice and Procedure* § 1611.  If joinder is not feasible, however, "the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b)[3] and the action

_____

[2] Rule 19(a) provides, in pertinent part:
> (a) *Persons to Be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

[3] Rule 19(b) provides:
> (b) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in
> (continued...)

must be dismissed." *Owens-Illinois*, 186 F.3d at 440; *see also Jordan v. Wash. Mut. Bank*, 211 F.Supp.2d 670, 675 (D.Md. 2002) ("dismissal is appropriate only when necessary parties should be joined and their joinder would deprive the Court of jurisdiction").

The burden is on the movant to show that the person who was not joined is necessary for a just adjudication and "the nature of the unprotected interests of the absent parties." 5C *Federal Practice and Procedure* § 1359; *see* 7 *Federal Practice and Procedure* § 1609. To satisfy this burden, the movant should "present affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." 5C *Federal Practice and Procedure* § 1359. In general, courts are "loath" to dismiss cases under Fed.R.Civ.P. 12(b)(7), "so dismissal will be ordered

---

[3](...continued)
subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois*, 186 F.3d at 441.  *See also Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1285-86 (4th Cir. 1994) ("Only necessary persons can be indispensable, but not all necessary persons are indispensable").

"Under Rule 19(a), a party is deemed 'necessary' if complete relief cannot be granted in its absence.  In conducting the Rule 19(a) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1157 (S.D.Cal. 2006).  Rule 19(a) also provides that a party is necessary if they claim an interest in the action and if their absence will impair or impede the party's ability to protect its interest.

The ADA prohibits discrimination on the basis of disability, "by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Defendant, as an entity that leases its property as a place of public accommodation, is clearly subject to the requirements of the ADA.

Defendant, as the moving party, has not met its burden of showing that the lessee or sub-lessee is a necessary party. Defendant's assertions that allegations in the complaint involve matters solely within the control of the lessee or sub-lessee are not supported by any evidence whatsoever.  (Paper 7, at 5).  The

court cannot determine whether in the absence of the lessee or sub-lessee meaningful relief may be granted. Defendant has not provided any affidavits from the lessee or sub-lessee notifying the court of their interests in this matter, nor has it been provided evidence of existing contracts or lease agreements between Defendant and any alleged lessee. As a result, Defendant's motion to dismiss on this issue will be denied.

### C. "Grandfather" Exemption

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v.*

11

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)
(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.
1993)).  The court must disregard the contrary allegations of the
opposing party.  *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th
Cir. 1969).  The court need not, however, accept unsupported legal
allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873
(4th Cir. 1989), legal conclusions couched as factual allegations,
*Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual
allegations devoid of any reference to actual events, *United Black
Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendant argues that Plaintiff does not allege facts
sufficient to avoid the effect of the ADA's "grandfather clause,"
which would exempt Defendant from the restrictions imposed by the
ADA.  (Paper 7, at 3).

Under the ADA, different types of facilities are subject to
varying degrees of requirements.  A distinction is made between
existing facilities, new construction, and alterations to existing
facilities.  *Speciner v. Nationsbank, N.A.,* 215 F.Supp.2d 622, 627
(D.Md. 2002).  New construction consists of those structures
designed and constructed for first occupancy later than 30 months
after July 26, 1990, and thus first occupied after January 26,
1993.  42 U.S.C. § 12183(a)(1).  With respect to "new
construction," the ADA requires that the operator, "design and
construct facilities . . . that are readily accessible to and

usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection . . . ." 42 U.S.C. § 12183(a)(1).

When an existing facility is, "altered . . . in a manner that affects or could affect the usability of the facility or part thereof," the operator is under an obligation to, "make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible and usable by individuals with disabilities, including individuals who use wheelchairs." 42 U.S.C. § 12183(a)(2).

In contrast to new construction or altered existing facilities, the ADA imposed less stringent restrictions on existing facilities. *See Speciner*, 215 F.Supp.2d at 627. Existing facilities are those that were constructed for first occupancy prior to January 26, 1993. "For existing facilities, the Act requires the removal of 'architectural barriers . . . where such removal is readily achievable,' and permits the use of 'alternative methods' where removal of architectural barriers is not readily achievable.'" *Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Eng'rs, P.C.,* 950 F.Supp. 393, 395 (D.D.C. 1996) (citing 42 U.S.C. § 12182(b)(2)(A)(iv)).

Defendant contends that Plaintiff failed to allege whether Defendant's property was an existing facility or a new construction and further contends that the building is subject to a grandfather

13

clause.  Defendant's argument is misguided.  Regardless of whether the property was existing or new construction, there is no grandfather clause that would place Defendant outside the scope of ADA compliance at this date, although the standard for compliance might well differ.

New construction and altered existing facilities did not have to comply until 30 months after the passage of the ADA, or by January 26, 1993.  It is now over fourteen years past this date. Despite less stringent standards, existing facilities were to come into compliance with the ADA 18 months after the passage of the ADA, or by January 26, 1992.  It is now over fifteen years past this date.

## III.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of standing pursuant to Fed.R.Civ.P. 12(b)(1), failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), and failure to join necessary parties pursuant to Fed.R.Civ.P. 12(b)(7) and Fed.R.Civ.P. 19 will be denied.  A separate Order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge